20-2341. Mr. Sheikh. Yes, sir. My name is Zubair Sheikh. I'm representing myself. Yes, yes. You can proceed. You have five minutes. Go ahead. Tell us your story. Sure. I was employed at the bank as an officer grade two. I found a prohibited transaction on 25th of March 2016. I reported to the compliance department. First of all, I reported to the department. Then I reported to the operation manager, Mr. Syed Ahmad. After two days, after the weekend, I reported to the compliance department. The HR manager issued me a memo, and he said, why did you leak the confidentiality of the department? Then they harassed me several times. Then on May 2nd, 2016, I reported that transaction to the Office of Foreign Assets Control. The office is working under the U.S. Treasury Division. On the same day, on the same day, the bank fired me. They terminated my job. But then after the wrongful termination, I filed a complaint to the office of the president of the bank. The president launched an inquiry, and they sent some executives for the investigation. After a long time investigation, three executives have been terminated. But I could not get back my job so far. And then my second point is that professionally, I'm a banker. That's why I have difficulty to represent myself in the field. And I cannot afford the attorney. So, Mr. Sheikh, this is just Lohier. I've got one question. So, apparently, you did not give a copy of your complaint that you made by email. You didn't give a copy of that to any of the bank's employees. And what they say is they weren't even aware of this complaint and of the email. What's your response to that? Sir, actually, I filed my complaint by email. Unfortunately, I could not submit my email message. But I submitted my complaint, the draft which I had sent to the president of the bank. Well, that's what the president of the bank. But OFAC, you sent an email to them complaining or telling them about this problem, the sanctions problem. And what your employer says is that we didn't know about his complaint. Right? And so how can we retaliate against him for something that we didn't even know about? Do you have a response to that? And if you don't have a response, that's OK. But I just want to know if you have a response. No, sir. I did not get any response from them. But as far as the information... Judge Parker, do you have any questions? Oh, no, I don't. Judge Manasci, do you have any questions? No, no, thank you. OK. So you have one more minute, Mr. Sheikh. Is there anything else you want to tell us? Yes. Yes, sir. Sir, I humbly request to you to please allow me to bring my witness to testify his statement. He was the CFO of the bank and most responsible. And he was the member of all committees in the bank. And he is willing to come to the court for recording his statement. I request you to please allow me. All right. Thank you very much, Mr. Sheikh, for your argument. So we'll hear from the lawyer for the bank, Mr. Mufsin, and then we'll end it there. Mr. Mufsin. Good morning, Your Honor. May it please the court. My name is Harris Mufsin on behalf of the Peli National Bank of Pakistan. The bank is a predominantly state-owned commercial bank with branches across Pakistan, at least 21 international branches, including a branch in New York City where Mr. Sheikh was was employed. The undisputed facts that are laid out in our 56.1 statement and in our brief established that Mr. Sheikh was employed in the bank's PAC remit department. And a decision was made in January 2016 to close that department effective April 30th, 2016. And Mr. Sheikh was the only employee of that department at the bank. The bank allowed Mr. Sheikh to work on a temporary basis during that great period until the end of the April 30th, 2016 closure of PAC remit. On March 25th, 2016, Mr. Sheikh made reported an $8,500 banking transaction. And as a result of that report, the bank's chief compliance officer reviewed that transaction and determined that the transaction was not required to be reported to OFAC. Subsequently, on April 6th, Mr. Sheikh yelled at a coworker and a manager of the payments and receipts department regarding a work assignment. That manager then complained about his behavior to bank management and asked that he be removed from the office because he was being disruptive. That was memorialized in a memorandum dated April 13th. As a result of Mr. Sheikh's unprofessional behavior, on April 19th, the bank decided that Mr. Sheikh's employment would not continue after the PAC remit grace period ended. On that day, the bank memorialized that decision with a memorandum and a separation agreement that they prepared for him. Then on May 2nd, which was the first business day after the PAC remit department closed, Mr. Sheikh was informed of his termination. As your honor noted, Mr. Sheikh did file a complaint with OSHA on the morning of May 2nd, but there is no evidence that anyone from the bank was aware of that complaint. And Mr. Sheikh has not provided any evidence to the contrary. Right, Mr. Mohsen, that this is all under the Bank Secrecy Act, the whistleblower protection provision? Yes, your honor. And I guess to my surprise, there is not a lot of, if any, law about, or at least circuit decisional law about that particular provision. Is that also right? That's correct. It's not a statute that's litigated very frequently, frankly, your honor. I will note that the Bank Secrecy Act was recently amended by the Anti-Money Laundering Act of 2020. It's our position that that amendment doesn't apply retroactively. And regardless, that's not an argument, an issue that's raised on appeal by the bank. What does the amendment do? I mean, just as it relates to this, let's say that it was retroactive, what does it do? The amendment expands the scope of protected activity under the statute to allow, to also incorporate internal complaints of securities, of regulatory violations. But here, Mr. Sheikh, Mr. Sheikh argues that his protected activity was his complaint to OFAC, that occurred on May 2nd. And the evidence establishes that his termination, the decision to terminate his employment was made weeks in advance of that complaint on April 19th. And that is undisputed evidence that the district court relied on in dismissing his claim. The district court also correctly rejected Mr. Sheikh's remaining argument that are based on speculation about the bank monitoring his emails and his prior performance and the like. So, I'll rest on our papers as we address those arguments there. And if there are no questions from the court, I'll conclude with that. Chief Parker? Oh, I have no questions. Judge Manasci? No, thanks. Thank you very much for a reserved decision. That concludes today's regular argument calendar, and I'll ask the clerk to adjourn court. Court stands adjourned.